UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KARLA ARMENTA, TAMARA CASTILLO APONTE, MARIA MAGDELENA ASTACIO CASTILLO, YASTANY ASTACIO, RUSSELL BRIM, ASHER BRIM, I.B., WALTON SERRANO-COLON, YENNY CRUZ, MARIA DOMINGUEZ, SHIRLEY ESPINOSA, ISMAEL GARCIA, KEITH GOULBOURNE, ALICIA GOULBOURNE, HANIF MOHAMMED, YAANA PENA, L.P., YUNISSA SOTO, DWAYNE TAYLOR, ESTHER HAZEL, MARY BETH DONEGAN, individually and as Executrix for the Estate of ELIZABETH DONEGAN, MARIE GREGOIRE, JESUS RAMOS, FILIPPO GIAMBIANCO, JULIE LOPEZ, JASMINE JOHNSON and DEMIKA HUNTER,

          Plaintiffs,

   -against-

CITY OF NEW YORK and NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES,

          Defendants.
------------------------------------------------------------------ x

**STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE OF THE CLAIMS OF PLAINTIFF HANIF MOHAMMED**

16-cv-6013 (MKB)(VMS)

    **WHEREAS** Plaintiffs commenced this action by filing a Complaint on or about October 28, 2016, and an Amended Complaint on or about January 31, 2017, alleging violations of federal, state and local law;

    **WHEREAS** Defendants City of New York and New York City Department of Homeless Services (together, "Defendants") deny any and all liability or wrongdoing arising out of Plaintiffs' allegations;

    **WHEREAS** Plaintiffs Maria Dominguez, Ismael Garcia and I.B. voluntarily withdrew their claims against Defendants;

    **WHEREAS** by Stipulation and Order endorsed by the Court on October 13, 2020, the parties settled and discontinued the claims of Plaintiffs Jasmine Johnson, Demika

1

Hunter, Yunissa Soto, Russell Brim, Asher Brim, Dwayne Taylor, Karla Armenta, Filippo Giambanco, Jesus Ramos, Shirley Espinosa, Esther Hazel, Walton Serrano Colon, Yenny Cruz, Julie Lopez, Marie Beth Donegan, individually and as Executrix for the Estate of Elizabeth Donegan, Keith Goulbourne, Alicia Goulbourne, Yanna Pena, individually and on behalf of L.P., Marie Gregoire, Tamara Castillo Aponte, Maria Magdalena Astacio Castillo, and Yastany Astacio;

**WHEREAS** the parties also reached agreement in principle to fully settle the claims of Plaintiff Hanif Mohammed, but Plaintiff Mohammed died before the agreement was executed;

**WHEREAS** Defendants and the Estate of Plaintiff Mohammed desire to resolve the issues raised by Plaintiff Mohammed in this litigation pursuant to the terms previously agreed upon, without further proceedings and without admitting any fault or liability;

**WHEREAS** by Decree filed with the Kings County Surrogate Court on July 6, 2022, the Surrogate Court has approved the terms of the parties' agreement and has directed Defendants to issue payment of the settlement amount specified below to the Public Administrator of Kings County, as Administrator of the Estate of Plaintiff Mohammed; and

**WHEREAS** payment by Defendants to the Public Administrator of Kings County as specified below will fully satisfy Defendants obligations to Plaintiff Mohammed and the Estate of Plaintiff Mohammad,

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, through the undersigned, as follows:

1. The above-referenced action is hereby dismissed, with prejudice, and without costs, expenses, or fees in excess of the amounts specified in paragraphs "2" below.

2. The City of New York agrees to pay $40,000.00 in full satisfaction of all claims that were or could have been raised by Plaintiff Mohammed in this action. A check in this amount shall be written to "The Public Administrator of Kings County, as Administrator of the Estate of Hanif Mohammed," and mailed to Plaintiffs' counsel, Bruce Gitlin, at New York Center for Law and Justice, located at 2095 Broadway, Suite 411, New York, New York 10023.

3. In consideration of the payment of the sum described in paragraph "2" above, the Estate of Plaintiff Mohammed agrees to dismiss and discontinue, with prejudice, all of the claims that were or could have been asserted in this action, and to release Defendants City of New York and the New York City Department of Homeless Services; the New York City Department of Social Services; their successors or assigns; and all past and present officials, affiliates, employees, representatives, and agents of the City of New York, the New York City Department of Homeless Services, and the New York City Department of Social Services, or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, and/or rights of action alleging a violation of the rights of Plaintiff Mohammed under federal, state and/or local law, and any and all related state law claims, whether known or unknown, from the beginning of the world to the date of this Stipulation and Order.

4. In consideration of the payment of the sum described in paragraph "2" above, Plaintiffs' counsel, the New York Center for Law and Justice, Gitlin, Horn & Van de Kieft LLP, and Arnold & Porter, LLP, agree to release and discharge the City of New York, the New York City Department of Homeless Services, and the New York City Department of Social Services; their successors or assigns; and all past and present officials, affiliates, employees, representatives, and agents of the City of New York, the New York City Department of Homeless Services, the New York City Department of Social Services, or any entity represented

by the Office of the Corporation Counsel, from any and all claims for attorneys' fees, expenses and costs that were or could have been incurred or accrued in connection with this action on behalf of the Plaintiff Mohammed.

5. The Estate of Plaintiff Mohammed shall be responsible for the payment of any federal, state, and/or local taxes, if any, on the payments specified in paragraph "2" above.

6. The Estate of Plaintiff Mohammed and/or Plaintiffs' counsel shall execute and deliver to Defendants' undersigned counsel all documents necessary to effect this settlement, including, without limitation: releases, one executed by the Public Administrator of Kings County on behalf of the Estate of Plaintiff Mohammed and others executed by Plaintiffs' counsel, all based on the terms of paragraphs "2", "3", and "4", an affidavit of status of liens executed by the Public Administrator on behalf of the Estate of Plaintiff Mohammed; and a substitute W-9 form executed by the Public Administrator. The payment set forth in paragraph "2" is subject to and conditioned on delivery of these documents to Defendants' undersigned counsel.

7. Nothing contained herein shall be deemed to be an admission by Defendants or any officer or employee thereof, that they have in any manner or way violated Plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, states, ordinances, rules, and/or regulations of the United States, the State of New York, or the City of New York, or any other rules, regulations, or bylaw of any department, agency, or subdivision of the City of New York.

8. This Stipulation and Order shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except for enforcement of the provisions contained herein.

9. Nothing contained in this Stipulation and Order shall be deemed to constitute a policy or practice of the City of New York or any agency thereof, including the New York City Department of Social Services, the New York City Department of Homeless Services, or the New York City Human Resources Administration.

10. This Stipulation and Order contains all of the terms and conditions agreed upon by the parties, and no oral agreement entered into at any time, nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant action shall be deemed to exist, to bind the parties, or to vary the terms and conditions contained in this Stipulation and Order.

THIS SPACE INTENTIONALLY LEFT BLANK

11. This Stipulation and Order may be executed in counterparts, and facsimile, scanned, or photocopied signatures shall have the same effect as original signatures.

Dated: December 1, 2022
New York, New York

| | |
|---|---|
| NEW YORK CENTER FOR LAW AND JUSTICE, and GITLIN, HORN & VAN DE KIEFT, LLP<br>Attorneys for Plaintiffs<br>2095 Broadway, Suite 411<br>New York, New York 10023<br>(212) 757-2800<br>bgitlin@lawjusticecenter.org<br><br>By: *Bruce J. Gitlin* | HON. SYLVIA O. HINDS-RADIX<br>Corporation Counsel of the City of New York<br>Attorney for Defendants City of New York, the New York City Department of Homeless Services<br>100 Church Street<br>New York, New York 10007<br>(212) 356-0891<br><br>By: *Andrew J. Rauchberg*<br>Andrew J. Rauchberg<br>Assistant Corporation Counsel |
| Arnold & Porter LLP<br>Attorney for Plaintiffs<br>250 West 55th Street<br>New York, New York 10019<br>(212) 836-8000<br>Jeffrey.horowitz@arnoldporter.com<br><br>By: *Jeffrey Horowitz* | Gitlin, Horn and Van de Kieft, LLC<br>Attorney for Plaintiffs<br>2095 Broadway, Suite 441<br>New York, New York 10023<br>(212) 514-5437<br>bgitlin@ghvlaw.com<br><br>By: *Bruce J. Gitlin* |

22-cv-03463

SO ORDERED:
s/ MKB 1/10/2023

_____
MARGO K. BRODIE
United States District Judge